955 F.2d 43
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent Thomas OWENS, Defendant-Appellant.
 No. 90-5103.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1991.
Decided Feb. 20, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-90-7-5)
 Argued: Douglas P. Connor, Mt. Olive, N.C., for appellant; Jane H. Jolly, Assistant United States Attorney, Raleigh, N.C., for appellee.
 On Brief: Margaret Person Currin, United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and ELIZABETH V. HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Vincent Thomas Owens appeals on various evidentiary and sentencing grounds his conviction after a jury trial for possession of approximately 251 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988); possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) (1988); and use of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c) (1988). Specifically, Owens asserts on appeal that: (1) the police encounter which led to this conviction constituted an illegal search and seizure; (2) the search and seizure was racially motivated; (3) the district court improperly excluded character evidence during trial; (4) the district court erred in admitting evidence of a prior felony conviction of armed robbery, because the robbery was actually a misdemeanor; and (5) the district court erred in rejecting a requested two-level sentence reduction for Owens's acceptance of responsibility. After oral argument and a thorough review of the record, we affirm.
 
 I.
 
 2
 Owens was a passenger on a bus traveling from New York City to Raleigh, North Carolina. He exited the bus at Raleigh and, after a brief rest in the bus station and a phone call, boarded another bus for Wilmington, North Carolina. Officers Alexander and Hallman of the Raleigh Police Department, who had observed Owens in the bus station lobby, boarded the Wilmington bus immediately thereafter, walked to the rear, and began a drug investigation. Alexander wore civilian clothing and a blue jacket with the words "POLICE" and "Raleigh Vice Unit" on it; Hallman was similarly dressed in civilian clothing and wore a jacket bearing the word "POLICE." Both officers carried concealed weapons.
 
 
 3
 Owens, who was sitting in the back of the bus, was the first person to whom the officers spoke. Alexander identified himself as a police officer, displayed his credentials, and asked Owens about his destination. Hallman remained one to two feet behind Alexander. Owens replied that he was traveling from New York to Wilmington on a personal visit. Owens allowed Alexander to examine his bus ticket. After returning the ticket, Alexander asked Owens if he had any luggage; Owens indicated that the bag he was carrying over his shoulder was his. Alexander asked Owens if he could search the bag. Owens responded, "yeah, what's going on?" Alexander then unzipped the bag without removing it from Owens's shoulder, removed a piece of clothing from the top, and saw immediately below a plastic bag containing white powder.[1] Owens was arrested and his bag seized. During a post-arrest search of the bag, a gun was found. The officers continued their interdiction efforts, but no other passengers were arrested. The bus doors remained open throughout their search.
 
 
 4
 Owens was later indicted by a federal grand jury and convicted of the aforementioned charges after a jury trial. His motion to suppress the physical evidence was denied after a finding by the district court that his consent to the search of his bag was voluntary. Owens was sentenced to concurrent fifty-one-month terms on each of the drug and firearm possession charges; a sixty-month consecutive sentence was imposed on the remaining charge.
 
 II.
 
 5
 We turn first to Owens's Fourth Amendment claim and his related assertion that the officer's initial decision to speak with him was racially motivated. Owens argues that he did not voluntarily consent to the search of his bag and that even if he did, his consent was invalid as the product of an illegal detention. The district court found that Owens's consent was freely and voluntarily given and that he was not illegally detained. The district court's findings regarding the voluntariness of consent must be affirmed on appeal unless clearly erroneous. United States v. Gordon, 895 F.2d 932, 938 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3247 (1990); United States v. Wilson, 895 F.2d 168, 172 (4th Cir.1990).
 
 
 6
 The Fourth Amendment is not implicated when the police simply approach a person in a public place and engage that person in conversation. Florida v. Bostick, 111 S.Ct. 2382, 2386 (U.S.1991) (police request to search bus passenger not a seizure unless other elements of coercion present); Florida v. Royer, 460 U.S. 491, 497 (1983). The appropriate test is whether a reasonable person would feel free to leave under the circumstances. Royer, 460 U.S. at 502; United States v. Mendenhall, 446 U.S. 544, 553-54 (1980).
 
 
 7
 In this case, the bus door remained open throughout the interdiction effort. The officers positioned themselves so as not to block the exit and spoke with Owens in a non-threatening manner, without physical touching or the display of weapons. Thus, none of the indicia of a seizure were present. See Mendenhall, 446 U.S. at 554-55. This was merely a "brief police-citizen encounter" falling outside the purview of the Fourth Amendment, see, e.g., United States v. Flowers, 912 F.2d 707, 711-12 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3865 (U.S.1991), and absent facts evidencing coercion or other external pressures, the district court did not clearly err in finding Owens's consent to the search of his bag to be valid.[2]
 
 III.
 
 8
 We turn next to Owens's evidentiary challenges, including his assertion that the district court erred: (1) by excluding, on relevancy grounds, character evidence provided by his probation officer on cross-examination, and (2) by failing to exclude inaccurate information about his prior robbery conviction. We review the district court's evidentiary determinations under an abuse of discretion standard.
 
 
 9
 The character evidence which Owens sought to have admitted would have established that his probation officer characterized him as being not armed and dangerous. This characterization is clearly irrelevant to the firearms charges for which Owens was convicted, because both of those charges turned on Owens's actual possession of a firearm. That he may have been known generally as an unarmed nondangerous individual does not make any relevant fact more or less probable; the probation officer's testimony was thus irrelevant under Fed.R.Evid. 401.
 
 
 10
 With regard to the district court's admission of evidence that Owens's prior robbery conviction was a felony supporting the felony-firearm charge, when later evidence established that the robbery was only a misdemeanor, we agree that admission of this evidence was error; see United States v. Tedder, 801 F.2d 1437, 1444 (4th Cir.1986), cert. denied, 480 U.S. 938 (1987) (evidence of extrinsic wrongs only admissible if relevant and not unduly prejudicial). Yet such error was clearly harmless. The jury already had before it evidence of Owens's prior felony drug conviction and that prior felony alone was sufficient to support the firearms charges under §§ 922(g) and 924(c).
 
 IV.
 
 11
 We turn finally to the district court's denial of a two-point sentence reduction for acceptance of responsibility under United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1991). The district court concluded that Owens's admission at trial to carrying cocaine while at the same time denying his knowledge of the presence of a gun in his belongings did not reflect acceptance of responsibility for all his crimes. Whether or not a reduction is warranted under U.S.S.G. § 3E1.1 is a factual determination over which the district court has great discretion. United States v. Cusack, 901 F.2d 29, 31 (4th Cir.1990); United States v. White, 875 F.2d 427, 430-31 (4th Cir.1989).
 
 
 12
 On these facts, we find no abuse of discretion. Other than Owens's admission to carrying cocaine, there were no facts presented which would warrant a downward adjustment for acceptance of responsibility. This admission in and of itself did not automatically require a reduction in sentence, just as a plea of guilty does not automatically require a reduction, absent additional evidence of contrition. United States v. Harris, 882 F.2d 902, 905-06 (4th Cir.1989); White, 875 F.2d at 431. Furthermore, a defendant must "accept responsibility for all of his criminal conduct" as a prerequisite to claiming a reduction under U.S.S.G. § 3E1.1. Gordon, 895 F.2d at 936 (emphasis added). We agree with the district court's determination that no reduction in sentence was warranted here.
 
 The decision of the district court is
 
 13
 AFFIRMED.
 
 
 
 [1]
 The white powder later proved to be approximately 251 grams of cocaine
 
 
 [2]
 Owens's further claim on appeal that the officers targeted him for racial reasons is not supported by the record. Owens was arrested during the course of a routine drug interdiction effort. The officers continued their efforts even after Owens was arrested and removed from the bus. It appears that Owens also failed to raise this issue at trial. Appellate review is thus foreclosed